UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LOOMIS MUHAMMAD                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:23-CV-3062-DPJ-FKB

MISSISSIPPI DEPARTMENT OF CORRECTIONS                                                  DEFENDANT

ORDER

Loomis Muhammad claims the Mississippi Department of Corrections (MDOC) engaged in sex discrimination and retaliation when it terminated his employment. MDOC moved to dismiss [2] his Complaint, claiming he has not pleaded facts supporting either claim. Muhammad responded in opposition. The Court finds the motion to dismiss [2] should be granted, but Muhammad will be given an opportunity to amend his Complaint.

I.      Facts and Procedural History

Muhammad worked as a correctional officer for MDOC, and his employment was "terminated over an alleged arrest." State R. [1-1] at 5, Compl. ¶ 8.; *see id.* (stating "the arrest was later shown to be based upon false accusations"). Muhammad's Complaint is brief, but he offers two explanations for his firing—sex discrimination and retaliation.

First, Muhammad believes he encountered sex discrimination because a female correctional officer who engaged in misconduct was not fired. *Id.* He does not identify the female employee but insists that he "reported to his supervisor that [she] assisted with smuggling drugs into a prison." *Id.* ¶ 6. In addition to misconduct within the prison, Muhammad also claims the female officer was "arrested and incarcerated for domestic violence." *Id.* ¶ 8.

Second, Muhammad suspects he was fired in retaliation for reporting a female officer's drug-smuggling activities. *Id.* ¶ 10. He explains that such conduct is "a violation of public policy wherein drug and contraband smuggling is a crime." *Id.*

Muhammad filed a charge of discrimination with the Equal Employment Opportunity Commission, asserting discrimination based on sex and retaliation. State R. [1-1] at 4 (EEOC Charge). There, he again describes his theories:

> I want the EEOC to investigate my claims of sex discrimination and retaliation under Title VII. I was a black male employee in Leakesville. I reported a female employee for criminal conduct, namely bringing contraband into the jail. I later learned that the female employee was sleeping with at least [one] supervisor. The female was never punished. My workplace became hostile and I was soon thereafter terminated for no reason. I would like the EEOC to investigate my charges because my termination was based in part on my sex.

*Id.* After receiving a right-to-sue notice from the EEOC, Muhammad sued MDOC in state court. MDOC removed the case and promptly moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Notice [1]; Mot. [2].

II.   Standard

When considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Finally, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

III.    Analysis

   A.    Sex Discrimination

Muhammad mentions two possible avenues for his sex-discrimination claims, "Title VII and the Equal Protection Clause." State R. [1-1] at 5, Compl. ¶ 9. But the Equal Protection Clause does not create a private right of action, so the claim would have to flow through 42 U.S.C. § 1983, a provision Muhammad never mentions. Even if he had, § 1983 creates a cause of action against a "person" who violates the plaintiff's federal rights, and MDOC is not a "person," it's an arm of the State. *See Wells v. Hall*, No. 3:20-CV-40-DPJ-FKB, 2023 WL 2762024, at *3 (S.D. Miss. Apr. 3, 2023) (holding that MDOC is not a "person" under § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding a state is not a

3

"'person' within the meaning of § 1983")).  In any event, the Fifth Circuit applies the same framework for employment discrimination claims under Title VII and § 1983.  *See Giles v. City of Dallas*, 539 F. App'x 537, 543 (5th Cir. 2013) (citing *Lee v. Conecuh Cnty. Bd. of Ed.*, 634 F.2d 959, 961–62 (5th Cir. 1981)).  And because both parties address the sex-discrimination claim under Title VII, the Court will do the same.

To establish a Title VII prima facie case of sex discrimination based on disparate treatment, a plaintiff must show:  1) he is a member of a protected class; 2) he was qualified for his position; 3) he experienced an adverse employment action; and 4) a similarly situated employee was treated more favorably.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  "According to the Fifth Circuit, plaintiffs need not plead a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss, although courts may consider the *McDonnell Douglas* framework in evaluating the sufficiency of the factual allegations contained in Title VII complaints."  *Willis v. Duro-Last, Inc.*, No. 3:12-CV-705-HTW-LRA, 2014 WL 11370658, at *1 (S.D. Miss. Aug. 12, 2014) (citing *Puente v. Ridge*, 324 F. App'x 423, 427 (5th Cir. 2009)).

MDOC believes Muhammad would fail the *McDonnell Douglas* framework because he never identified the alleged comparator.  It says, "Plaintiff does not allege that anyone was similarly situated to him and treated more favorably.  He does not mention anything to establish a comparator, only vague references to other female employees who could have been in completely different positions and circumstances."  Mem. [3] at 4.  For his part, Muhammad asks the Court to let the discovery process flesh out whether the female employee he mentions is (or is not) similarly situated.

While Muhammad does not use the terms "comparator" or "similarly situated," he does allege that a female MDOC employee kept her job despite being arrested, incarcerated, or accused (by Muhammad) of smuggling drugs into the prison. But he also leaves out pertinent facts—like her position and whether her domestic-violence arrest and incarceration occurred before or after MDOC hired her. It's also unclear whether the two were in the same department or whether the same person made the two decisions. The Court also needs to know what Muhammad was arrested for to know how it compares to the female's alleged offenses. He says in his response that the female officer's offenses were "far more egregious," Resp. [5] at 2, but such conclusory allegations are insufficient. *Twombly*, 550 U.S. at 555.

Absent facts suggesting that the comparator was similarly situated, Muhammad has not stated a plausible sex-discrimination claim. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259–61 (5th Cir. 2009) (explaining facts that would make co-worker similarly situated). And though the Court is not suggesting that every complaint must include all of those details, Muhammad has not pleaded enough facts to make his claim plausible.

As for Muhammad's argument that discovery must come first, a "request for discovery is generally not an appropriate response to a Rule 12(b)(6) motion." *Minor v. Jackson Mun. Airport Auth.*, No. 3:15-CV-936-DPJ-FKB, 2016 WL 4869696, at *5 (S.D. Miss. Sept. 13, 2016) (citing *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (rejecting plea for discovery and holding that "when deciding, under Rule 12(b)(6), whether to dismiss . . . the court considers, of course, only the allegations in the complaint")). In any event, Muhammad seems to know a lot about the alleged comparator and certainly knows the facts surrounding his own arrest and subsequent termination. And he has not demonstrated that the facts he needs to plead a plausible case are in Defendant's "sole possession." *Flagg v. Stryker Corp.*, 647 F. App'x 314,

5

317 (5th Cir. 2016) (finding complaint sufficient in products-liability case where defendant held the necessary documents).

In sum, Muhammad's sex-discrimination allegations fall short of Rule 12(b)(6).  But, as noted, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Allowing Muhammad an opportunity to file an amended complaint is the safer route. *See Hart*, 199 F.3d at 247 n.6.  If he attempts to amend, Muhammad should include specific counts explaining the basis for his claims.  For example, if he intends to pursue the equal-protection claim, then he needs to reference § 1983 in a separate count and show that he is entitled to relief.

B.   Retaliation

Muhammad also mentions retaliation in his Complaint and EEOC Charge, but, as MDOC points out, he has not alleged that he engaged in protected conduct under Title VII.  In response, Muhammad concedes he is not pursuing a Title VII retaliation claim; instead, he believes his "claims fall under the *McArn* public policy doctrine." Resp. [5] at 2 (citing *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 606 (Miss. 1993).  If this is his approach, he needs to clarify such a claim in his amended complaint.  MDOC's motion to dismiss is granted as to the Title VII retaliation claim.

IV.   Conclusion

The Court has considered the parties' arguments; those not addressed would not have changed the result.  For the reasons stated, MDOC's motion to dismiss is granted.  But if Plaintiff wishes to pursue this action, he may ask to amend his Complaint.  Plaintiff may file a properly

6

supported motion to amend within 21 days; the proposed amended complaint should be attached to the motion.

Failure to move for leave to amend within 21 days of this Order will result in a final judgment dismissing the case without further notice.

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2024.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE